UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John Kaltenmark, | ) | CASE NO. 1:04 CV 2347 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| K-Mart, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant K-Mart, Inc.'s Motion for [Partial] Judgment on the Pleadings Under Rule 12(C), Or, in the Alternative, Motion to Certify A Question of State Law to the Ohio Supreme Court (Doc. 13).  This case arises out of defendant's termination of plaintiff's employment.  For the reasons that follow, the motion is GRANTED.  Defendant's request to certify a question to the Ohio Supreme Court is MOOT.

**FACTS**

Plaintiff, John Kaltenmark, filed this lawsuit against defendant, K-Mart, Inc., alleging

wrongful termination of employment.  According to plaintiff, he was employed by defendant for nearly 30 years in various capacities.  On February 3, 2004, defendant was terminated.  Plaintiff was over the age of 40 at the time of termination and was replaced by a younger female.

On July 20, 2004, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  On September 9, 2004, plaintiff received a right to sue letter from the EEOC.  Thereafter, plaintiff filed this lawsuit asserting two claims for relief.  Count one is a claim for violation of Title VII and the ADEA.  Count two asserts a claim for termination in violation of both O.R.C. § 4112 and Ohio's public policy.  Both counts appear to be based on sex and age discrimination.

Defendant moves for judgment on the pleadings with respect to a portion of count two.  Plaintiff opposes the motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

Thus, the allegations of the complaint must be taken as true and construed liberally in favor of the non-moving party. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  The complaint is not to be dismissed "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175

(6th Cir. 1989). Notice pleading requires only that a party be given "fair notice of what the [claimant's] claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a. . .complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal review. *Fingers v. Jackson-Madison County General Hospital District,* No. 95-5903, 1996 WL 678233 (6th Cir. Nov. 21, 1996). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

### **DISCUSSION**

Defendant argues that it is entitled to judgment on the pleadings with respect to a portion of count two of plaintiff's complaint. Count two contains two separate claims. The first claim consists of an allegation that defendant's actions constitute discrimination based on age and sex in violation of O.R.C. § 4112. Defendant claims that, to the extent the Section 4112 claim is based on age discrimination, the claim is time-barred. Defendant does not challenge the portion of count two asserting sex discrimination in violation of Ohio statutory law. The second portion of count two contains a claim for termination in violation of public policy. Defendant also moves for judgment on the pleadings with respect to this claim. Plaintiff opposes defendant's

motion. The Court will address each portion of count two separately.

    A.    Section 4112

Defendant argues that plaintiff's claim for age discrimination in violation of O.R.C. § 4112 is barred by the 180-day statute of limitations contained in O.R.C. § 4112.02(N). Plaintiff responds by claiming that a six-year statute of limitations applies to this claim.

Under Ohio statutory law, age discrimination claims may be brought pursuant to various provisions of Section 4112, including O.R.C. §§ 4112.02, 4112.14 and 4112.99. In *Bellian v. Bicron* Corp., 634 N.E.2d 608 (Ohio 1994), the Ohio Supreme Court addressed which statute of limitations applies to claims asserted under Chapter 4112.99. In *Bellian*, the court expressly held that "any age discrimination, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former R.C. 4112.02(N)." *Id*. at 610.

Prior to the Ohio Court's decision in *Bellian*, however, Section 4112.14 did not appear in O.R.C. Chapter 4112. Rather, that provision was codified at O.R.C. § 4101.17 and a six-year statute of limitations applied to age claims asserted under this section. *See, Morris v. Kaiser Engineers, Inc.*, 471 N.E.2d 471 (Ohio 1984). After the re-codification, uncertainty existed as to whether the pronouncement in *Bellian*, i.e., all age claims brought pursuant to Chapter 4112 are subject to a 180-day statute of limitations, applies to claims asserted pursuant to Section 4112.14. Since the recodification, the courts addressing this issue have concluded that *Bellian* does not apply to age claims asserted under Section 4112.14. *See, Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001)("we are convinced that...the Ohio Supreme Court...would decide that the period of limitations applicable to claims brought under § 4112.14 continues to be six

years under *Morris*"); *Ferraro v. B.F. Goodrich Co.*, 777 N.E.2d 282, 291 (Oh. Ct. App. 9th Dist. 2002)("we join our sister districts in concluding that the limitations period applicable to R.C. 4112.14 age-discrimination claims is six years.").

In order to determine whether plaintiff's claim is time-barred, this Court must first ascertain which provision or provisions of Chapter 4112 form the basis of the age discrimination claim. Although plaintiff expressly invokes only Section 4112.99, that provision affords a remedy for conduct prohibited by other provisions of Chapter 4112. To the extent the claim is based on Section 4112.02, a 180-day limitations period applies and plaintiff's claim is time-barred.[1] In the event plaintiff's 4112.99 claim is premised on Section 4112.14, a six-year statute of limitations applies.

Thus, the sole question before this Court is whether Section 4112.14 can form the basis of plaintiff's age discrimination claim asserted pursuant to Section 4112.99. Upon review of the complaint, the Court finds that it cannot. As defendant points out, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") before filing this lawsuit. That charge also constitutes the filing of an administrative action with the Ohio Civil Rights Commission. *See, Fowler v. Hudson Foods*, 708 N.E.2d 792 (Oh. Cm. Pl. Ct. 1998). Pursuant to O.R.C. § 4112.08, a plaintiff who files an administrative action is precluded from later asserting a claim pursuant to any provision of Section 4112.14.[2] As a result, the Court finds that

---

[1] Plaintiff filed this lawsuit more than 180 days after his termination.

[2] The Court notes that there appears to be an open question as to whether the election of remedies provision set forth in Section 4112.08 applies to claims asserted under Section 4112.99. *Compare, Sterry v. Safe Auto Ins. Co.*, 2003 WL 23412974 (S.D.

5

plaintiff's Section 4112.99 claim cannot fairly be read as based on Section 4112.14. Accordingly, a 180-day statute of limitations applies and plaintiff's claim is time barred. Defendant is entitled to judgment on the pleadings on the portion of count two asserting a claim for age discrimination in violation of Ohio statutory law.[3]

    B.    Public Policy

In count two, plaintiff also asserts a claim for wrongful discharge in violation of public policy pursuant to *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 551 N.E.2d 981 (Ohio 1990). Defendant argues that plaintiff's *Greeley* claim fails because the statutory remedies available to plaintiff are adequate to protect society's interests in preventing employment discrimination. According to defendant, the Ohio Supreme Court's decision in *Wiles v. Medina Auto Parts*, 773 N.E.2d 526 (Ohio 2002), requires dismissal of plaintiff's public policy claim. In the alternative, defendant asks this Court to certify the question to the Ohio Supreme Court. Plaintiff argues that *Wiles* does not control the outcome of his public policy claim and further

---

Ohio Aug. 25, 2003)(recognizing that certain statutory age claims asserted under Section 4112.99 are not subject to an election of remedies) *with Senter v. Hillside Acres Nursing Center of Willard, Inc.*, 335 F.Supp.2d 836 (N.D. Ohio 2004)(election of remedies provision applicable to claims asserted pursuant to Section 4112.99). This Court need not reach this issue in order to resolve the current dispute because, under either theory, Section 4112.99 claims based on Section 4112.14 are barred by Section 4112.08. Courts are split, however, as to whether Section 4112.99 claims based on Section 4112.02(A) are barred by Section 4412.08. In this case, plaintiff's Section 4112.99 claim arising under Section 4112.02 is barred by the statute of limitations.

[3]    The Court reiterates that, to the extent plaintiff asserts a sex discrimination claim based on state statutory law, the claim remains pending.

argues that Ohio courts continue to recognize termination in violation of public policy claims based on age and sex even after *Wiles*.

In *Greeley* the Ohio Supreme Court held,

> We believe it is time for Ohio to join the great number of states which recognize a public policy exception to the employment-at-will doctrine. The General Assembly has expressed its will that employers be prohibited from discharging employees for the reason upon which appellant bases his cause of action. It is our job to enforce, not frustrate, that policy.
>
> Therefore, we hold that public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute.

*Greeley*, 551 N.E.2d at 986.

In order to state a claim for wrongful discharge in violation of public policy, a plaintiff must establish the following,

1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).

2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).

4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Collins v. Rizkana,* 652 N.E.2d 653, 657-58 (Ohio 1995) (quotations omitted) (emphasis in original).

The first two elements, clarity and jeopardy, are questions of law for the court, while the remaining elements involve questions of fact for the jury. *Id*. at 658. In this case, the parties do

7

not appear to dispute that the public policy against age and sex discrimination is sufficiently clear to satisfy the first element of a wrongful discharge claim. Accordingly, this Court need only address the jeopardy element.

Defendant argues that the jeopardy element is not satisfied in this case because O.R.C. § 4112.99 and Title VII[4] afford full and complete relief to plaintiff for the alleged discrimination engaged in by defendant. According to defendant, common law wrongful termination claims are permitted only where the underlying statutory scheme or public policy at issue does not offer full and adequate relief to the aggrieved party.

In *Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308 (Ohio 1997), the Ohio Supreme Court addressed whether the jeopardy element was satisfied where plaintiff's *Greeley* claim was based on Ohio's Whistleblower statute. Defendant argued that, because the Whistleblower statute contains a remedy provision, plaintiff should not be permitted to assert a wrongful discharge claim. In rejecting defendant's argument, the court noted that "the mere existence of statutory remedies in [the Whistleblower statute] does not, without more, operate to bar recognition of appellant's *Greeley* claim for tortious discharge in violation of [the Whistleblower statute]." *Id*. at 324. The court then analyzed whether the Whistleblower statute afforded plaintiff relief to the same extent as a wrongful discharge claim. Finding that the relief afforded by the statute was not complete, the court permitted plaintiff to proceed with a *Greeley* claim. *See also, Kerans v. Porter Paint Co.*, 575 N.E.2d 428 (Ohio 1991) (violation of worker's compensation statute was

---

[4] The complaint does not expressly indicate the public policy on which the claim is based. In its motion to dismiss, defendant presumes that either O.R.C. § 4112 or Title VII forms the basis of the public policy claim. Plaintiff does not dispute that these are in fact the provisions alleged to support the claim.

not exclusive remedy since relief available under statute did not fully compensate victim for actual damages suffered).

Not only is the jeopardy element satisfied where the damages recoverable under the statute are insufficient to protect the public policy at issue, the jeopardy element may be satisfied where statutory relief is unavailable to the plaintiff. In *Collins*, 652 N.E.2d 653, plaintiff brought a *Greeley* claim based on sexual harassment. The court determined that Ohio statutes prohibiting sexual imposition and prostitution, as well as Ohio's sexual discrimination/harassment statute, can form the basis of a *Greeley* claim. In *Collins*, the court held that plaintiff could pursue her *Greeley* claim, in part, because the remedies afforded by O.R.C. Chapter 4112 were unavailable to plaintiff because the defendant did not meet the statutory definition of employer.

As defendant points out, in recent years, the Ohio Supreme Court has narrowed the scope of *Kulch*. In *Wiles v. Medina Auto Parts*, 773 N.E.2d 526 (Ohio 2002), the court addressed whether a plaintiff terminated in violation of the Family Medical Leave Act ("FMLA") could also assert a *Greeley* claim. In concluding that a common law claim could not be asserted where the cause of action is based solely on the FMLA, the court held,

> Where, as here, the sole source of public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, 'the issue of adequacy of remedies' becomes a particularly important component of the jeopardy analysis.... Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests. In that situation, the public policy expressed in the statute would not be jeopardized by the absence of a common-law wrongful-discharge action in tort because an aggrieved employee has an alternate means of vindicating his or her statutory rights and thereby discouraging an employer from engaging in the unlawful conduct.

*Wiles*, 773 N.E.2d at 531.

9

The court analyzed the remedies available under the FMLA and concluded that the statute is a "comprehensive remedial scheme," which provides a wide range of recovery, including compensatory damages and equitable relief. *Id*. As such, "the public policy embodied in the FMLA will not be jeopardized by the absence of a tort claim for wrongful discharge in violation of public policy." *Id*. at 532.

The court further rejected plaintiff's argument that *Kulch* mandated allowance of a tort claim because the FMLA does not provide for certain remedies, i.e., the recovery of punitive and emotional distress damages. Plaintiff argued that the jeopardy element was satisfied because these remedies are available in tort and, as such, the FMLA's "important policy objectives" will be undermined absent recognition of a common law claim. In rejecting plaintiff's argument the court concluded as follows,

> *Kulch* does not, as [plaintiff] argues, stand for the proposition that statutory remedies are inadequate–therefore warranting a *Greeley* claim– when those remedies provide something less than the full panoply of relief that would be available in a tort cause of action for wrongful discharge. Importantly, the analysis upon which [plaintiff] relies garnered the votes of only three justices. Thus, *Kulch* is not controlling authority on the question of whether the remedies provided in a statute are sufficiently comprehensive to render unnecessary the recognition of a separate common-law *Greeley* claim based solely on the same statute–much less a *Greeley* claim based on a federal statute that was the product of a Congressional balancing of right and remedy that we ought not to disturb.

*Id*. at 534.

In the wake of *Wiles*, Ohio courts have struggled with the apparent inconsistency between *Kulch* and *Wiles*, especially in light of the fact that *Wiles* was a plurality decision. *See, e.g.*, *Gessner v. City of Union*, 823 N.E.2d 1, 5 (Ohio Ct. App. 2nd Dist. 2004)(current state of Ohio law difficult to ascertain). As defendant points out, the majority of courts have held that a

*Greeley* claim cannot be asserted based on the public policy set forth in O.R.C. § 4112 because the jeopardy element is not satisfied. *See, Carrasco v. Noamtc Inc.*, 124 Fed. Appx. 297, 304 (6th Cir. Dec. 1, 2004)(because plaintiff had remedy under both Title VII and O.R.C. § 4112, *Greeley* claim could not stand); *Dillbeck v. Huntington Nat'l Bank*, 2005 WL 1266690 (S.D. Ohio May 26, 2005)("statutory remedies that exist under the ADA and O.R.C. § 4112 are adequate to protect society's interest in discouraging employers from engaging in discrimination...."); *Barlowe v. AAAA Int'l Driving School*, 2003 WL 22429543 (Ohio Ct. App. 2nd Dist. Oct. 24, 2003)("the remedies provided by R.C. 4112.99 provide broad relief which is sufficiently comprehensive to vindicate the policy goals set forth in that statute"); *Lewis v. Fairview Hospital*, 806 N.E.2d 185 (Ohio Ct. App. 8th Dist. 2004)(jeopardy element not satisfied).

Some difficulty exists, however, where the *Greeley* claim arises as a result of alleged age discrimination, as opposed to other forms of discrimination prohibited by Section 4112. In *Livingston v. Hillside Rehabilitation Hosp.*, 680 N.E.2d 1220 (Ohio 1997), the Ohio Supreme Court summarily reversed the judgment of the court of appeals, which held that a *Greeley* claim will not lie based on the public policy set forth in O.R.C. § 4112.14.[5] The entirety of the Ohio Supreme Court's opinion reads as follows,

> The judgment of the court of appeals is reversed, and the cause remanded to the trial court on the authority of *Kulch v. Structural Fibers, Inc*. (1997), 78 Ohio St. 3d 134, 677 N.E.2d 308.

As the dissent in *Livingston* aptly points out, the primary problem with the majority

---

[5]  *Livingston* was decided prior to the recodification of this provision. At that time, Section 4112.14 appeared at Section 4101.17(A).

opinion lies in the fact that *Kulch* in no way addressed the adequacy of the remedies available under the statute at issue in the case. Rather, *Kulch* dealt with the adequacy of the remedies available under the Whistleblower Act.  Thus, it is difficult to discern how the court applied its holding in *Kulch* to *Livingston* without any discussion of O.R.C. § 4112.14.  The only logical conclusion is that the *Livingston* majority read *Kulch* broadly, and essentially applied a general rule that *Greeley* claims lie absent exceptional circumstances.  Otherwise, the court surely would have addressed the adequacy or inadequacy of the remedies available under the particular statute at issue.  This broad reading of *Kulch*, however, was expressly rejected in *Wiles*.

The Court further finds that *Livingston* is distinguishable in that it involved a claim brought pursuant to Section 4112.14, whereas this Court has concluded that plaintiff cannot assert a claim under that section.  In that the public policy supporting plaintiff's *Greeley* claim is based on Sections 4112.99 and 4112.02, *Livingston* does not control.

As a final matter, the Court agrees with the majority of Ohio courts that have concluded that Section 4112 is a remedial statute that adequately protects society's interests in preventing employment discrimination.  Although, as a rule, these cases involve forms of discrimination other than discrimination based on age, the Court finds that making any distinction between the various types of discrimination protected under the statute would make little if any sense.  On the whole, this Court concludes that Ohio would not recognize a *Greeley* claim based on the public policy set forth in either Title VII or O.R.C. § 4112.  As a result, defendant is entitled to judgment on the pleadings as to the portion of count two asserting a claim for termination in violation of public policy.

**CONCLUSION**

For the foregoing reasons, the Court finds that Defendant K-Mart, Inc.'s Motion for [Partial] Judgment on the Pleadings Under Rule 12(C) (Doc. 13) is GRANTED. Defendant's Motion to Certify A Question of State Law to the Ohio Supreme Court is MOOT.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  9/28/05