UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **John Kaltenmark,** | ) | **CASE NO. 1:04 CV 2347** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **K-Mart, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant K-Mart, Inc.'s Motion for Summary Judgment. (Doc. 30). This case arises from an employee's claim that his discharge was the result of age and sex discrimination by K-Mart. The employee has not filed a response to K-Mart's motion. For the reasons that follow, K-Mart's motion is GRANTED.

### FACTS

Plaintiff John Kaltenmark is a 56-year-old male who was 55 at the time he was discharged in 2004. (*See* Pl's Dep. p. 28). Plaintiff was hired by K-Mart in 1975 to perform

maintenance and cleaning duties.  (*Id*. at 52).  He worked full time for K-Mart from 1975 to 2004, and occasionally worked a second job.  (*Id*. at 52, 155-56).  His first seven years at K-Mart were spent in maintenance and cleaning on third shift.  (*Id*. at 53).  He spent the next seven years on day shift in receiving, which involved receiving freight and moving it to the floor.  (*Id*. at 54, 56-57).  Plaintiff returned to third shift in 1989, where he performed a number of duties including stock replenishment, cleaning and the setup of advertising displays.  (*Id*. at 69-72).  He remained in this position until his discharge in 2004.

K-Mart was operating in bankruptcy in 2002 and 2003.  (Aff. ¶ 3).  Plaintiff was discharged in the third phase of a reduction in force ("RIF").  (*Id*. ¶ 4).  The first two reductions involved salaried management and lead associates, who are classified as level five and six associates.  (*Id*.).  The third phase of the RIF involved full-time employees at levels one through four, including plaintiff, a level one associate.  (*Id*. ¶ 5).  Any work performed by these employees was to be absorbed by the remaining employees, while the discharged employees were allowed to remain as part-time employees at a lower hourly wage and without benefits.  (*Id*. ¶ 6).  There were six level one through level four associates[1] at the time of the RIF: 1) Colleen Clarke, a 65-year-old female who worked in layaway on the day shift; 2) Kevin Cooper, a 41-year-old male who worked in receiving on the day shift; 3) Matt Menner, a 33-year-old male who worked in electronics on the day shift; 4) Nancy Davies, a 58-year-old female who worked on the night replenishment crew; 5) Tina Dawson, a 31-year-old female who worked on the night

---

[1]  Plaintiff alleges that a seventh associate, Karen Swope, was within the group of individuals covered by the RIF.  Plaintiff provides no evidence to support his allegation while K-Mart provides evidence that Ms. Swope was a level 5 associate for several months prior to the RIF and not subject to the RIF at issue.  (Aff. ¶ 8).

replenishment crew; and 6) plaintiff.  (*Id.* ¶ 7; Pl's Interr. Ans. # 7).

K-Mart's store manager initially believed that all six employees would have to be discharged.  (Aff. ¶ 9).  Thus, he told the employees that his employment decisions were unrelated to performance.  (Pl's Interr. Ans. # 4).  He later discovered that the store would be allowed to retain one full-time employee for an overnight position.  (Aff. ¶ 9).  K-Mart's corporate policies required the store manager to perform an objective ranking of all employees subject to the RIF.  (Aff. ¶ 10 & Att. C).  The six employees were evaluated with an "Associate Performance Recap" form.  Plaintiff placed fifth and Ms. Dawson placed first.  (Aff. ¶ 11 & Att. A).  Ms. Dawson was allowed to remain as a full-time employee in the overnight position, and her job classification remained the same, while the other five employees were discharged with the opportunity to work part time.  (Aff. ¶ 11.).  The store manager compares the duties of Ms. Dawson's new position and plaintiff's position as follows:

> [Ms.] Dawson continued her job with basically the same responsibilities she had before.  The tasks which Mr. Kaltenmark performed were redistributed among our existing workforce.  The RIF came after our busy Christmas season, and work had slowed down, so we were able to accommodate the work to be done more easily than we could have at another time.  Mr. Kaltenmark's work in replenishing stock was absorbed by having part-time employees who already did related stock replenishment work during the day shift their hours around so they could be more efficient and handle additional stock.  Mr. Kaltenmark's task of "setting the ad" once a week was assumed by weekend part-time replenishment crew member James Barger, in addition to his other work.

(Aff. ¶ 15).

Plaintiff also alleges deficiencies with the ranking method but provides no evidence to support those allegations.  K-Mart provides evidence that plaintiff's dependability rating was low because he was occasionally late to work due to his second job.  (Pl's Dep. p. 154).  K-Mart also presents undisputed evidence that Ms. Dawson was an excellent employee.  (Aff. ¶ 11 &

3

Att. A).

## SUMMARY JUDGMENT

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. UAW Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557,

562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall nonetheless be entered "if appropriate."

### **DISCUSSION**

Plaintiff has asserted federal and state claims of age and sex discrimination. The Court previously granted K-Mart's motion for partial judgment on the pleadings as to plaintiff's state claims of age discrimination and violation of public policy. (Doc. 28). K-Mart now moves for summary judgment on the remaining claims of age discrimination under the Age Discrimination and Employment Act of 1967 (29 U.S.C. § 621 *et seq*.) and sex discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*.) and Ohio Revised Code § 4112.99. Plaintiff does not oppose the motion.

Plaintiff's state and federal claims all fall within the identical analytical framework, even if the alleged discriminatory motive for the claims differs. *See Simon v. City of Youngstown*, 73 F.3d 68, 71 (6th Cir. 1995) (applying the *McDonnel Douglas* framework to Title VII sex discrimination claim)*; Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (applying the *McDonnel Douglas* framework to an ADEA claim); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (noting that Ohio state law claims are governed by the *McDonnel Douglas* framework); *Byrnes v. LCI Communication Holdings Co.*, 672 NE2d 145, 148 (Ohio 1996) (noting that Ohio state law claims are governed by the *McDonnel Douglas*

framework).  The plaintiff bears the initial burden of setting forth a *prima facie* case of discrimination.  *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  The Supreme Court established a four-part test for *prima facie* discrimination as follows:

> (1) plaintiff was a member of the protected class;
>
> (2) plaintiff suffered an adverse employment action;
>
> (3) plaintiff was qualified for the position either lost or not gained; and
>
> (4) a person not of the protected class replaced, or was selected over, the plaintiff.

*Id.*; *see also Manzer*, 29 F.3d at 1081.

Plaintiff is a male who was 55 years old at the time K-Mart discharged him.  Ms. Dawson, the one individual who was not discharged as part of the RIF, is a 33 year old female.  K-Mart does not dispute that plaintiff can meet the first three elements of his *prima facie* case.  However, K-Mart does dispute that plaintiff was "replaced" by Ms. Dawson.

Generally, a competent employee is not replaced, and thus does not meet the fourth prong of the *prima facie* test, when economic necessity forces the loss of the plaintiff's position.  *LaGrant v. Gulf & W. Mfg. Co.*, 748 F.2d 1087, 1090 (6th Cir. 1984).  However, discharge under a RIF can be considered a replacement if another employee adopts the same duties and responsibilities that plaintiff had prior to his discharge.  *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990).  Conversely, an employee is not replaced when his work is distributed among the remaining employees.  *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 372-73 (6th Cir. 1999).  Here, K-Mart was experiencing financial hardship and decided to cut costs through the RIF process.  Plaintiff provides no evidence that another employee adopted his duties and responsibilities.  To the contrary, a number of employees each adopted aspects of plaintiff's

position, while Ms. Dawson continued her duties of overnight stock replenishment. Accordingly, K-Mart has presented evidence that plaintiff was not replaced.  Plaintiff has failed to meet the fourth element of the *prima facie* test.

An employee who fails to demonstrate that he was replaced may nonetheless prove his *prima facie* case by providing additional direct, circumstantial or statistical evidence that he was singled out for discriminatory reasons.  *Id.* at 371.  Plaintiff's sole evidence of discrimination is that the one retained employee was a younger female.[2]  However, the mere fact that an employee outside of the protected class was retained does not satisfy plaintiff's burden.  *Barnes*, 896 F.2d at 1465.  Otherwise, nearly every reduction in force would automatically satisfy the *prima facie* case, since some retained employee whose job the plaintiff *could* perform is almost certain to fall outside of one of the protected categories.  *Id.*

In sum, plaintiff cannot meet his *prima facie* case of age or sex discrimination. Therefore, summary judgment in favor of K-Mart is appropriate.

---

[2] The evidence supports K-Mart's assertions that plaintiff was not singled out for discriminatory reasons.  The store manager who discharged him is a male employee of approximately the same age as plaintiff, which weighs against a finding of discrimination. *Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1471 (11th Cir. 1991).  Plaintiff placed near the bottom of the objective test results, and has admitted that he was late on a number of occasions, which justifies his lower score for dependability.  K-Mart also provides evidence that Ms. Dawson was an excellent employee and plaintiff has provided no evidence to the contrary.

**CONCLUSION**

For the foregoing reasons, K-Mart, Inc.'s Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/2/05